Okay, thank you Please proceed mr. Hillis They please the court For a perjury or obstruction enhancement to apply the government must prove the elements The district court must make the necessary findings of those elements. Neither thing happened here. And so the enhancement is improper The defendant commits perjury by giving false testimony Doing so willfully that say with specific intent intent and Makes the testimony on material issue for that matter obstruction requires proof and a finding that a defendant Willfully tried to improperly influence a witness In this case the only evidence the district court relied on to impose an enhancement under 3c 1.1 Was the PSR and that is demonstrated through appendix page 11 There's nothing where the district They're in need for anything more It is established doctrine that if the defendant says he accepts the findings of the pre-sentence report That all the judge needs to do is say, okay, I endorse them and That's exactly what happened here. The mr. Burgess said I have no objection to anything in the pre-sentence report Your honor that would be Aggressive reading of waiver and so under Johnson versus herbs Waiver is supposed to be construed liberally in favor of the defendants. Mr. Ellis We know your view on waiver. You don't think it exists, but we do Right. It's it's a fairly simple doctrine that if the defendant accepts the pre-sentence report The judge can do so too Right or to put it otherwise judges exist to resolve controversies among the litigants There was no controversy among the litigants about these issues Why should the judge have to do anything? Judges must follow procedure and must make necessary findings that are done again and grimly on the elements And no, I don't think that waiver never exists I think that it has to be properly applied and it couldn't be in this case because under the Clark case Jenkins we have at best an individual silence by not objecting the individuals in both Jenkins and Clark Didn't voice any objection PSR determinations and Jenkins. It was criminal history In Clark, I believe it was an enhancement but those things weren't sufficient to carry the day and would have been a Variance departure from circuit precedent if we were to find here that this individual silence not making objections Established waiver when those cases did so I accept what your honor has said However, I would say that the important distinctions are in what the case law says It's not as if the district court rattled off things and got an express waiver on this It was rather silence. And so that's insufficient with the case That being the case We can look to the evidence that was in on page 11 of the appendix. We see there are no findings It's just an adoption of the PSR But the PSR is itself inadequate because at page at paragraphs 40 and 54 there are no references to my clients intent or the materiality of any of the alleged bases for obstruction or perjury So it's just an inadequate record. It's as simple as that And to the extent that the government tries to shore up the inadequacies by pointing to all of the various materials in its supplemental appendix It's important to note that the district court didn't rely on And had it done so the government may be in a far better position But it is revealing the government now is compelled to resort to reference to all of those things the district court never once cited And again page 11 of the appendix shows us We are in a position of procedural Error here judge, but we have to show that the plane air factors apply because my client did not object That's as far as we get. It's a forfeiture It's not a waiver, but there is now an air under Grimley and Dunnigan for the lack of findings that would satisfy Both the first two elements as findings are required in addition to the elements having to be properly applied to 3c 1.1 a wrongly imposed enhancement of acts of defendants substantial rights the Porter and Case from the Third Circuit or Love case from the Seventh Circuit says that and then lastly using an incorrect guidelines range Does seriously impact the fairness integrity and public reputation of the sentencing proceeding and we'd rely on Navarro Duran? Mr. Hillis, how does the fact that your client? during the original hearing where they're recommending the obstruction of justice for he admitted to the materiality of His testimony, how does that impact a plane air analysis? well, it would Do little I think judge if the admission in the prior Proceeding was inadequate to say that his Admission by a pro se defense force judge, so he doesn't know very much He's a lightly educated individual to use those statements and to say that those are adequate to provide the missing proof I don't think Possibly be accomplished. We'd still need findings by the district court Any necessary government we're missing that as well, so it would be Insufficient even under plane air to say that that person's statements could do anything to affect plane air analysis especially a pro se defendant and The of course problem would go more towards waiver, but that's not sufficient to establish waver either judge. It only would get us to If I may address finally the harmless air effort by the government Government says that it's harmless air Point to a boss and no judge saying Eve is familiar with that case She was a district court judge at that time and there the district court gave a very lengthy Explanation and said that the same sentence would be imposed even Regardless of the guideline calculation should there have been any air Such an explication is sufficient then to have a harmless air contention successfully advanced by the government on the appeal But the government is able to point to nothing in the record here with the district court said anything along those lines So there can't be harmless air and there is not a statement in the record sufficient to find So that would be improper as well for the government to prevail on harmless air Argument in this case given the lack of factually basis the lack of statement by the district court who established the necessaries for our With that I have nothing further to say Thank You counsel miss Stewart Thank You your honors The problem with the appellant's argument in this case is that it points to cases that are factually Distinguishable in this case the court made the findings that it needed to make Given the status of the party's agreement on the underlying facts what the appellant seeks this court to require is that courts? make Unnecessary and wrote recitations of these factors where such is not required the purpose of making these independent explicit findings on a perjury enhancement is that oftentimes what courts are facing is a situation where a Defendant has testified at trial and the jury has found the defendant To have lied or has found the defendants testimony to be insufficient and at sentencing The district judge is at first making that determination of falsity materiality and willfulness for the first time as the finder of fact at sentencing that's the situation that was in Dunningham in Brindley and Webster and Buchanan all of these cases where the district court makes these explicit findings are Cases where the district court is making that finding as a matter of first impression for that judge That's not the case here in this case The district judge had already made a finding of falsity with respect to these explicit statements So when adopting the PSR statements on these findings the district court isn't doing so for the first time What about materiality miss Stewart did the judge report previously make a finding about materiality? It certainly did with respect to falsity No, your honor the district court didn't but mr. Burgess admitted under oath to the materiality and I do want to correct something that mr Hillis said which was that mr. Burgess was pro se at the time that he did that mr. Burgess was not pro se when he admitted to the materiality of the Aspect he was represented by counsel when he took the stand during the suppression hearing So where does that come into the courts analysis if we're doing a plain-air analysis? Is it sufficient to say given his admission? during the testimony as to materiality that we can infer in the PSR and infer in the courts adoption of it a Finding of materiality or does it go to a different prong of the? Plain-air analysis, where does that fit in? Well, it fits. It's not just the PSR your honor It's also the fact that the district court issued a ruling and in the district's courts ruling the district court talked about how Important this issue was to mr. Burgess and it cited to the testimony about how mr Burgess understood and so which ruling miss Stewart I'm sorry in the ruling on the suppression motion judge stat Mueller's and judge Joseph's ruling on the suppression hearing and that was the fundamental Issue at the suppression hearing and so I think there was no doubt in Anybody's mind either on the record or in the filings that were made on those decisions and mr Burgess's admissions all of that Demonstrates that everyone involved judge Joseph judge stat Mueller the state sentencing judge. Mr Burgess himself understood that the only issue and the material issue at the suppression hearing was whether mr Burgess had left the house and given police officers probable cause to believe he was there That was the only issue at that hearing. So the materiality was well understood Separately and to answer your question a bit further where it comes in on the plain-air prong is the substantial rights prong So the Supreme Court recently in Greer and Gary just last year talked a lot about What it meant what the plain-air standard was on that final prong and the question really is whether there's a reasonable Probability that the court would haven't imposed the enhancement if it has to go back and recite the magic words And that's what would happen here The if this case were remanded the district court would simply just recite the magic words pointing to mr Burgess's admission of materiality the district courts conclusion at the suppression hearing regarding materiality falsity and willfulness and the enhancement would be imposed again and so The defendant can't meet to that prong of the third and fourth prongs of the plain-air review for that reason and so the magic words concept really is the crux of this case is whether the district court had to do more than It did to recite some recit wrote recitation of Materiality and falsity beyond the PSR and the answer is no And that is because of the different circumstances and also because the defendant did not object here So when a defendant object it makes sense to require the district court to do Slightly more than simply adopt the PSR or do slightly more to explain falsity materiality and willfulness But in this case, mr. Burgess didn't object but mr. That might be true if the PSR Specifically addressed all of the elements of the enhancement But mr. Hillis's argument here is that even accepting that the district court adopted the PSR? And adopted all the factual determinations in the PSR that on the obstruction enhancement the PSR itself was insufficient to support that enhancement because materiality Wasn't supported But the record is clear that there could be no the record of the entire case is clear that there's a guess That's the question as to how much we can look outside of what happened at Sentencing when the court didn't make any other factual findings and just adopted the PSR Well, we the record of the sentencing itself is clear also because the government talked about materiality in its sentencing memorandum And the court did at appendix 22 reference the government sentencing Memorandum and so it was clear that that was that memorandum and those arguments were part and parcel of the record at Sentencing and so this court doesn't have to go beyond just the record at sentencing to find that the court did Make a conclusion about materiality based on that the fact that the court didn't feel the need to address it further Makes sense because the defendant didn't object had the defendant Objected to the materiality or anything in the government sentencing memorandum about those facts Then the court would have needed to explain why it was agreeing with the enhancement But in this case, Mr. Burgess didn't object. So it's unlike Gage In Gage the defendant objected that he didn't have the culpable state of mind or willfulness When he said that the note he used to commit the robbery didn't say I have a gun and then despite the defendant's objection To the willfulness piece of the enhancement the court didn't make any findings to address that argument in this case The government laid out the falsity materiality and the willfulness in its sentencing memorandum The PSR talked about the basis for the enhancement and the court referenced the government's sentencing memorandum At hearing and in fact, Mr. Burgess Objected to certain parts of the government sentencing memorandum So it was clear that he reviewed it and understood that that was part and parcel of the record at sentencing And so all the parties here were operating under those under those facts under those analyses and all the parties understood that there was a finding of materiality willfulness and And so there was no need for the judge in this case to recite those magic words given the Differences in the circumstances presented by Gage, Dunningham, and Brindley Another case that might be helpful that's not cited in the government's brief and for which I apologize is United States vs Chai Chula 757 F 3rd 615 in that case the court did not recite the magic words so to speak but the Seventh Circuit held that the failure to do so was harmless because There wasn't an objection because there wasn't where the record was clear The defendant had willfully lied about material matters There was no need to make the recitation of magic words and was that on a guideline calculation? That was on an enhancement for perjury And so the sentence The court recognized that the failure to make those specific separate findings could be harmless where the record allowed the appellate court to determine the Sentencing judge had found that the defendant lied about a material issue And the concept in Chai Chula was this concept of the differences of what the judge is Doing after trial versus what the judge is doing when a defendant objects that court recognized those Distinctions and that this court in that case recognized that the failure to just simply recite magic words where everybody understands what the basis for the findings of falsity materiality and Willfulness are is unnecessary and a remand would be unnecessary for that reason because the district court would simply make that recitation And the result would be the same so there's no plain error, and I do think that there's waiver as well any further questions Thank you your honors Thank You mr. Stewart anything further mr. Hillis Yes, judge the government of course didn't cite the Chai Chula case wants to file a 28 J letter I'd be happy to respond but of course we're caught flat-footed when the government comes in with new cases and new arguments And this is the other problem. It's making a new argument the Briefing and appeals focused on whether there have been necessary findings the government's now arguing for a distinction And there's a trial versus when there is just a sentencing proceeding, but the case law says make findings It doesn't say make findings only if there's a trial or if there's not a trial So Donegan says to make findings Brimley says to make findings the Porter case said make findings We need to make findings We can't sweep it aside because we assume that the district court knew and heard of The district court must make specific findings that we can then review on appeal it didn't Relying on the PSR is also inadequate as the PSRs look at paragraphs 40 and 54 It's not just that there's a failure to discuss materiality. There's no discussion about content So of the three elements we're missing two in the PSR if you want to adopt it suppose you adopted at your peril a district court could make necessary findings and support the Determination of obstruction or a perjury the district court had every ability to do that The government gave it apparently lots of ammunition because the government keeps referring to its various pleadings Problem is the government points nothing in the record when the district court adopted said I accept that your offerings in these pleadings are sufficient for me to make the findings that are necessary under the obstruction case law or for 3c 1.1 that So if the PSR is inadequate, then the government hasn't met its burden of proof here by pointing to its own sentencing Furthermore judge saying if you are right, we are asked here to pile inference upon inference But that's not what the case law says This law says to make findings in the district court could have done so government could have backed up the PSR By filing something in the district court. It didn't I thought that it was adequate and it wasn't And lastly my client was pro se at the sentence and that's the relevant moment So to complain that he has been previously represented and we should look to that moment in time We were to look at when the district court imposed the enhancement was he represented there He was not the judge make the necessary findings didn't the government need its burden It did not these are the relevant things to consider for this appeal. The government hasn't been able to establish that it Provided the necessary information of the district court Anywhere in these proceedings at the sentencing made the necessary So having been unsuccessful and the waiver Termination our view we cannot find harmless air here and under plain air the district court didn't do what it had to So we'd ask this court to vacate I'm nothing Thank You. Mr. Hillis. Thanks to both counsel. The case is taken under adjournment